AUTO-OWNERS INSURANCE : 
COMPANY, :
                         :
       Plaintiff, :
                         :     CIVIL ACTION NO.
     v.                   :     2:17-CV-106-RWS
                         :
JIMMY E. CRIBB, et al., :
                         :
       Defendants. :

## <u>ORDER</u>

This matter is before the Court on Plaintiff's Motion for Summary Judgment [Doc. No. 34], the BR Mountain Homes Defendants' Motion for Summary Judgment [Doc. No. 35], and Plaintiff's Motion to Withdraw Admissions [Doc. No. 45].

As an initial matter, Defendants did not respond to Plaintiff's Motion to Withdraw Admissions [Doc. No. 45]. Pursuant to Local Rule 7.1B, failure to file a response indicates there is no opposition to a motion. For good cause shown, Plaintiff's Motion [Doc. No. 45] is GRANTED. The Court will now address the Motions for Summary Judgment [Doc. Nos. 34 and 35].

## I.  Factual Background

This is a declaratory judgment action brought by Plaintiff Auto-Owners

Insurance Company.  Plaintiff issued a commercial general liability policy to

Defendant B.R. Mountain Homes that was in effect on the date on which

Defendant Jimmy E. Cribb suffered injuries on a construction site.

### A.  Underlying Action

The following facts are taken from the Court's order on summary judgment

in the underlying action:

> Richard Dean Nielson ("Nielson") owns a piece of property in
> Blairsville, Georgia [Doc. No. 87, ¶ 1, admitted].  On November 26,
> 2014, Nielson entered into a contract with Appalachian Log Homes
> of Georgia for the installation of a log home package on his property
> [Id., ¶ 2, admitted].  Appalachian Log Homes of Georgia then entered
> into a contract with Appalachian Log Homes, Inc. ("Appalachian
> Log Homes") for the installation [Id., ¶ 3, admitted].

> Appalachian Log Homes informed Nielson that he would need a
> foundation and sub-floor to be built on the property before the log
> cabin could be erected [Doc. No. 87, ¶ 7, admitted].  Nielson
> subsequently entered into a contract with Defendants for the
> construction of the foundation and sub-floor, as well as for grading,
> septic, internal framing, electrical, plumbing, HVAC, metal roofing,
> fireplace, and rock work on the property [Id., ¶ 10, admitted].  Prior
> to beginning construction on the property, Defendants obtained
> permits for the entire project [Id., ¶ 13, admitted].

> In late February or early March 2015, Defendants began work on the

AO 72A
(Rev.8/8
2)

property [Doc. No. 87, ¶ 20, admitted]. In May 2015, Defendants had completed the work that would allow for assembly of the log kit; they left and planned to return to the property after Appalachian Log Homes finished with the assembly to complete the project [Id., ¶ 21, admitted]. Appalachian Log Homes hired Jerry Taylor Construction to install the log kit [Id., ¶ 31, admitted]. Jerry Taylor Construction had several employees working on the project, including Plaintiff Jimmy Cribb [Id., ¶ 32, admitted].

Plaintiff arrived at the jobsite on May 18, 2015 [Doc. No. 87, ¶ 48, admitted]. He and the other employees of Jerry Taylor Construction then built up from the foundation and sub-floor, including building a second floor where they were working on May 20, the date of the incident at issue [Id., ¶¶ 54 and 59, admitted]. Plaintiff and several coworkers were placing a wall panel on the second floor of the home, and the wall panel started to slide toward Plaintiff and his coworker Jerry Smith [Id., ¶¶ 59 and 60, admitted]. Plaintiff then jumped from the second floor down to the floor below [Id., ¶ 64, admitted]. Plaintiff broke through a portion of unsupported sub-floor, and he sustained significant injuries [Id., ¶ 68, admitted].

[Civil Action No. 2:17-CV-61-RWS, Doc. No. 103].

On March 30, 2017, Cribb sued BR Mountain Homes in this Court [Civil Action No. 2:17-CV-61-RWS, Doc. No. 1]. In the original Complaint, BR Mountain Homes was the sole defendant. On April 28, 2017, Cribb then amended his Complaint to add claims against James Brian Thurman and Richard Scott Davis, officers and employees of BR Mountain Homes [Id., Doc. No. 6]. On May 11, 2017, Cribb filed another suit in this Court against Thurman and Davis with

3

AO 72A
(Rev.8/8
2)

the same factual allegations [Civil Action No. 2:17-CV-93-RWS, Doc. No. 1]. On June 19, 2017, the Court ordered that these two civil cases be consolidated and closed the later-filed action [Civil Action No. 2:17-CV-93-RWS, Doc. No. 9]. Thus, the Court will treat the Amended Complaint in the first-filed action as the operative Complaint [Civil Action No. 2:17-CV-61-RWS, Doc. No. 6].

In the Amended Complaint in the underlying action, Cribb alleges that BR Mountain Homes, Thurman, and Davis ("the BR Mountain Homes Defendants") constructed the plywood subfloor for the first floor of the home, through which they partially cut a portion for a future stairway opening [Civil Action No. 2:17-CV-61, Doc. No. 6, ¶¶ 75-87]. Cribb further alleges that the BR Mountain Homes Defendants failed either to place supports under this partially-cut portion of the subfloor or to place warning signs to alert others of the subfloor's weakened condition [Id.] Cribb alleges that when he jumped and landed on this section of the subfloor, he fell through the floor to the basement below and was rendered a paraplegic [Id., ¶¶ 89-93]. Cribb asserts a negligence claim against the BR Mountain Homes Defendants for, *inter alia*, failure to maintain and inspect the job site in a reasonably safe manner, failure to train their employees regarding proper safety precautions, and failure to adequately warn those reasonably anticipated to

AO 72A
(Rev.8/8
2)

come in contact with the premises of the hidden and concealed danger of which it knew or should have known [Id., ¶¶ 96-103]. Cribb also asserts a gross negligence claim [Id., ¶¶ 104-112].

On the date of the incident, the BR Mountain Homes Defendants were covered by a general liability insurance policy, Policy 152318-03213705-15, issued by Plaintiff Auto-Owners Insurance [Doc. No. 14, pp. 69-129]. On May 31, 2017, Plaintiff Auto-Owners Insurance filed this action against Cribb and BR Mountain Homes, seeking a declaratory judgment as to four matters:

(1)   By failing to notify Auto-Owners as soon as practicable of an occurrence or an offense which may result in a claim, BR Mountain Homes breached a condition precedent set forth in the policy, and as a result, Auto-Owners has no duty to defend or indemnify in the underlying action (Count One);

(2)   At the time of the incident, Cribb was an employee of BR Mountain Homes, and as a result, Auto-Owners has no duty to defend or indemnify because of the policy's "Workers Compensation and Similar Laws exclusion" (Count Two);

(3)   At the time of the incident, Cribb was an employee of BR Mountain Homes, and as a result, Auto-Owners has no duty to indemnify or defend because the policy does not apply to bodily injury to an employee (Count Three); and

(4)   Cribb's claims do not include claims for personal and/or advertising injury, and thus the BR Mountain Homes Defendants are afforded no coverage under this provision of the policy (Count Four).

5

[Doc. No. 1]. On August 21, 2017, Auto-Owners amended its Complaint to add Thurman and Davis as parties [Doc. No. 14]. Plaintiff Auto-Owners and the BR Mountain Homes Defendants have now moved for summary judgment.

## B.   Reservation of Rights

Before turning to the parties' summary judgment motions, the Court will lay out the factual background related to the reservation of rights correspondence.

The BR Mountain Defendants learned of the incident via a telephone call from a representative of the log home company approximately two weeks after it occurred [Doc. No. 34-4, ¶¶ 14-15, admitted]. BR Mountain did not notify Auto-Owners until nearly two years after the incident, after first being served with the Complaint, which was filed on March 30 and served on April 5, 2017 [Doc. Nos. 1 and 3] in Civil Action No. 2:17-CV-61 [Id., ¶ 16, admitted]. After receiving notice of the incident and the underlying action, Auto-Owners issued a Reservation of Rights letter to BR Mountain Homes, to the Attention of Mr. Brian Thurman [Doc. No. 14, pp. 131-41]. This letter was mailed on April 18, 2017, and delivered on April 20, 2017 [Doc. No. 36-1, pp. 83-85]. Auto-Owners retained counsel to defend BR Mountain Homes; attorneys from Bovis Kyle Burch & Medlin LLC ("Bovis Kyle") filed an Answer on behalf of BR Mountain Homes

AO 72A
(Rev.8/8
2)

on April 24, 2017 [Civil Action No. 2:17-CV-61, Doc. No. 4].

Auto-Owners issued two other Reservation of Rights letters [Doc. No. 35-3]. The second letter was sent to Mr. James Brian Thurman, c/o BR Mountain Homes [Doc. No. 35-3, pp. 1-12]. It was mailed on August 4, 2017, and delivered on August 10, 2017 [Id., pp. 13-15]. The third letter was sent to Mr. Richard Scott Davis, c/o BR Mountain Homes [Doc. No. 35-3, pp. 16-27]. It was mailed on August 3, 2017, and delivered on August 10, 2017 [Id., pp. 28-30].

The BR Mountain Homes Defendants dispute the efficacy of the second and third Reservation of Rights letters because of their timing and the way they were addressed. On April 28, 2017, Cribb amended his Complaint in the underlying action (originally filed against only BR Mountain Homes) to add claims against James Brian Thurman and Richard Scott Davis, officers and employees of BR Mountain Homes [Civil Action No. 2:17-CV-61-RWS, Doc. No. 6]. On May 23, 2017, Bovis Kyle filed an Answer on behalf of BR Mountain Homes, Thurman, and Davis [Civil Action No. 2:17-CV-61-RWS, Doc. No. 10]. This Answer was filed well in advance of the mailing of the second and third Reservation of Rights letters.

AO 72A
(Rev.8/8
2)

## II.    Legal Standard

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

AO 72A
(Rev.8/8
2)

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences that are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(a), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

Insurance policy interpretation is appropriately decided at summary judgment. See, e.g., Giddens v. Equitable Life Assurance Society of the U.S., 445 F.3d 1286, 1297 (11th Cir. 2006); accord O.C.G.A. § 13-2-1 ("The construction of a contract is a question of law for the court."). Because the policy was issued and delivered in Georgia, the policy must be interpreted under Georgia law. In

9

AO 72A
(Rev.8/8
2)

Georgia, ordinary rules of contract construction govern the interpretation of insurance policies. Bituminous Casualty Corp. v. Advanced Adhesive Technology, Inc., 73 F.3d 335, 337 (11th Cir. 1996) (citation omitted). "As is the case with all contracts, unambiguous terms of an insurance policy require no construction, and the plain meaning of such terms must be given full effect, regardless of whether they might be beneficial to the insurer or detrimental to the insured." Continental Casualty Co. v. H.S.I. Financial Services, Inc., 466 S.E.2d 4, 5 (Ga. 1996).

When the terms of the policy are not clear or are ambiguous, although the cardinal rule of construction is to ascertain the intention of the parties, if the language is susceptible to two different constructions, the one most favorable to the insured should be adopted. Cincinnati Ins. Co. v. Page, 374 S.E.2d 768, 770 (Ga. Ct. App. 1988) (citation omitted). "Exceptions, limitations and exclusions to insuring agreements require a narrow construction on the theory that the insurer, having affirmatively expressed coverage through broad promises, assumes a duty to define any limitations on that coverage in clear and explicit terms." Id. Insurance policies are construed so as to avoid forfeitures and to provide coverage. James v. Pennsylvania General Ins. Co., 306 S.E.2d 422, 425 (Ga. Ct. App. 1983)

10

(citation omitted).

### III.    BR Mountain Homes Defendants' Motion for Summary Judgment [Doc. No. 35]

The BR Mountain Homes Defendants argue that they are entitled to summary judgment for three reasons: (1) Auto-Owners is estopped from denying coverage to Defendants Thurman and Davis due to its failure to reserve rights before providing Thurman and Davis with a defense; (2) Cribb is not an employee of BR Mountain Homes, and thus the BR Mountain Defendants are entitled to summary judgment as to Counts Two and Three of the Amended Complaint; and (3) Cribb does not assert claims for personal or advertising injury, so the BR Mountain Defendants are entitled to summary judgment as to Count Four of the Amended Complaint. The Court will address these arguments in turn.

#### A.    Estoppel

First, Defendants argue that Auto-Owners is estopped from denying coverage to Defendants Thurman and Davis due to its failure to reserve rights before providing Thurman and Davis with a defense. The Court agrees. In Georgia, an insurer that defends an insured in the absence of an express and specific reservation of rights to deny coverage is estopped from later denying

11

coverage.  See World Harvest Church, Inc. v. GuideOne Mut. Ins. Co., 695 S.E.2d 6, 9-10 (Ga. 2010).

Here, the policy was issued to "Insured: Brian Thurman & Richard Davis DBA BR Mountain Homes, LLC" [Doc. No. 14, p. 70].  Each insured is treated separately for purposes of coverage, by way of the "separation of insureds" provision in the policy:

> 7.  Separation of Insureds
> Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:
> a.  As if each Named Insured were the only Named Insured; and
> b.  Separately to each insured against who claim is made or "suit" is brought.

[Doc. No. 14, p. 102].  The first Reservation of Rights letter was addressed to "BR Mountain Homes, LLC, Attn: Mr. Brian Thurman."  The second and third Reservation of Rights letters were sent to Thurman and Davis respectively, "c/o B.R. Mountain Homes, LLC."  The first letter, sent before Thurman and Davis were ever sued by Cribb, was insufficient for the insurer to reserve its rights as to Thurman and Davis.

Significantly, Auto-Owners defended Thurman and Davis in the underlying

12

AO 72A
(Rev.8/8
2)

action for nearly three months, between May 23, 2017, when Bovis Kyle filed an

Answer on their behalf in the underlying action through August 10, 2017, the date

of delivery of the second and third letters. Additionally, Auto-Owners pursued

this action for declaratory relief solely as to BR Mountain Homes and Cribb from

May 31 to August 18, 2017.

Under these circumstances, the Court finds that Auto-Owners is estopped

from denying coverage to Defendants Thurman and Davis.

## B.      Status of Cribb as Employee

Second, the BR Mountain Homes Defendants argue that they are entitled

to summary judgment on Counts Two and Three of the Amended Complaint

because Cribb is not their employee. In the underlying action, Cribb specifically

alleges in his Amended Complaint that he was not an employee of the BR

Mountain Homes Defendants [Civil Action No. 2:17-CV-61, Doc. No. 6, ¶¶ 58-

72]. Additionally, at summary judgment in the underlying action, the Court stated:

> Generally, an injured employee is limited to the benefits provided by
> the applicable workers' compensation statutes and prohibited from
> bringing a negligence action against his employer, a statutory
> employer, or co-employee. See O.C.G.A. § 34-9-11; Sabellona v.
> Albert Painting, Inc., 695 S.E.2d 307, 309 (Ga. Ct. App. 2010).
> However, the statute clearly provides that "no employee shall be
> deprived of any right to bring an action against any third-party

13

tortfeasor."  O.C.G.A. § 34-9-11.

> The record reflects that Plaintiff was not employed by Defendants. Defendants were also not Plaintiff's "statutory employer."  Plaintiff was employed directly by Jerry Taylor Construction, which contracted with Appalachian Log Homes.  Appalachian Log Homes was directly contracted with Richard Nielson, the property owner. Defendants admit that Nielson's contract with Defendants was completely independent from his contract with Appalachian Log Homes.  Thus, Defendants could not possibly have been liable to Plaintiff for workers' compensation benefits, and Defendants cannot be considered Plaintiff's statutory employer. As a result, Defendants, as alleged third-party tortfeasors, are not shielded by the exclusive remedy doctrine.

[Id., Doc. No. 103].  Because Cribb is not their employee, the BR Mountain

Defendants are entitled to summary judgment as to Counts Two and Three of the

Amended Complaint.

### C.    Personal and Advertising Injury

The BR Mountain Defendants argue that they are entitled to summary

judgment on Count Four because Cribb does not assert claims for personal or

advertising injury. In response, Plaintiff states that if Defendants admit that Cribb

is not alleging damages due to personal and advertising injury as defined in the

policy, then Auto-Owners (not Defendants) is entitled to summary judgment on

that issue.  The Court agrees.  Because the BR Mountain Defendants concede that

AO 72A
(Rev.8/8
2)

Cribb does not assert a claim for such injury, Auto-Owners is entitled to summary judgment on Count Four.

### D. Conclusion

For the reasons discussed above, the BR Mountain Defendants' Motion for Summary Judgment [Doc. No. 35] is GRANTED in part and DENIED in part. Summary judgment is GRANTED to Defendants Thurman and Davis on Counts One through Three of the Amended Complaint. Summary judgment is DENIED to Defendants Thurman and Davis on Count Four. Summary judgment is GRANTED to BR Mountain Homes on Counts Two and Three and DENIED as to Counts One and Four.

## IV. Plaintiff's Motion for Summary Judgment [Doc. No. 34]

Plaintiff Auto-Owners argues that it is entitled to summary judgment because the BR Mountain Defendants breached the notice requirement that is the condition precedent of the policy. Plaintiff is estopped from making this argument with respect to Defendants Thurman and Davis. But the Court will consider this argument as to BR Mountain Homes.

Pursuant to Section IV of the policy, the Insured is obligated to notify Auto-Owners "as soon as practicable of an 'occurrence' or an offense which may result

15

in a claim" [Doc. No. 14, p. 100]. The policy further states that "[n]o person or organization has a right . . . [t]o join us as a party or otherwise bring us into a 'suit' asking for damages from an insured; or [t]o sue us on this Coverage Part unless all of its terms have been fully complied with" [Id.].

Notice becomes a condition precedent under a general provision that compliance with policy terms is required for coverage. Lankford v. State Farm Mut. Auto. Ins. Co., 703 S.E.2d 436, 439 (Ga. Ct. App. 2010). The parties appear to agree that notice is a condition precedent in this case. However, the parties disagree as to whether notice was given "as soon as practicable." In general, the question of whether an insured gave timely notice under these circumstances is a question for the factfinder. See, e.g., Southern Trust Ins. Co. v. Clark, 251 S.E.2d 823, 827 (Ga. Ct. App. 1978).

In this case, BR Mountain Homes provided notice to Auto-Owners as soon as they were sued. This was nearly two years after the incident that rendered Cribb a paraplegic. The Court finds that a jury must determine whether this delay was objectively reasonable, and if not, whether appropriate justifications exist for BR Mountain Homes' failure to provide notice to Auto-Owners in a timely fashion. Plaintiff's Motion for Summary Judgment [Doc. No. 34] is DENIED as

16

to Count One.

As discussed above, because the BR Mountain Defendants are entitled to summary judgment as to Counts Two and Three, Plaintiff's Motion for Summary Judgment [Doc. No. 34] is DENIED as to those counts. Plaintiff's Motion for Summary Judgment [Doc. No. 34] is GRANTED as to Count Four.

## V. Conclusion

For the reasons discussed above:

(1) Plaintiff's Motion to Withdraw Admissions [Doc. No. 45] is GRANTED;

(2) The BR Mountain Defendants' Motion for Summary Judgment [Doc. No. 35] is GRANTED in part and DENIED in part; and

(3) Plaintiff's Motion for Summary Judgment [Doc. No. 34] is GRANTED in part and DENIED in part.

The Court finds that there is a jury question as to the notice issue in Count One as to only BR Mountain Homes. The parties are ORDERED to submit a proposed consolidated pretrial order within thirty days.

**SO ORDERED**, this 5th day of February, 2019.

_____

**RICHARD W. STORY**
17United States District Judge

AO 72A
(Rev.8/8
2)